ROBERT BILSBORROW and others, Appellants, *v.* JOHN E. JAMES and others, Respondents.

*Right of one agreeing for a specified sum " to make sales," to employ and charge for the services of brokers.*

A person agreed to manufacture into cheese all milk received at a certain cheese factory, "make all the sales, draw all the checks," etc., for one dollar and sixty cents for each one hundred pounds of cheese manufactured.

*Held,* that he was entitled, in addition to the one dollar and sixty cents per one hundred pounds, to recover the commissions paid by him to brokers who made sales of a portion of the cheese at places distant from the factory ; which brokers' services were necessary in order to find a market for the cheese, and were made according to the ordinary usage.

APPEAL from a judgment in favor of the defendants, entered on the report of a referee.

*A. B. Melville,* for the appellants.

*E. H. Risley,* for the respondents.

SMITH, J. :

In the year 1876, the plaintiffs and all the defendants, except John E. James, were patrons of a cheese factory located in Remsen, Oneida county, and delivered milk from their respective dairies at said factory, to be manufactured into cheese by the defendant James, he agreeing to manufacture all the milk received at said factory, during the cheese-making season for that year, into a "number one" article of cheese; to furnish all the materials (except milk) required to manufacture the same, and to put it in fit shape to send to market, and to make all the sales, draw all the checks, do all the figuring, and make the dividends ; and for all said service and materials, he was to receive from said patrons one dollar and sixty cents for each 100 pounds of cheese so manufactured. It was also agreed that Evan Pugh, one of said patrons, was to see to or superintend the weighing of said cheese, at said factory, before it was shipped. The referee found that under that agreement there were taken to said factory during that year, by all of said patrons, 1,075,540 pounds of milk, and that the whole quantity of cheese which was or could have been made from said milk was 106,192 pounds, for which the defendant James should account. He also found that James had fully accounted for the same, and had paid over to each of said patrons the amount due to him on account thereof.

The principal question is whether, under the agreement, the defendant is entitled to an allowance made him by the referee for commissions paid to brokers who made sales of a portion of the cheese in New York and Utica. By the agreement, James was to make all the sales. He did in fact make sales at the factory or in its vicinity, but the cheese not disposed of in that way was sent by him to the New York and Utica markets, and there sold by brokers whom he employed and who remitted to him. Assuming that the disposition thus made of the cheese was necessary in order to find a market for it, and was according to the ordinary usage, of which no question seems to be made, we are of the opinion that the defendant was entitled to the brokers' commissions paid by him in addition to his own compensation of one dollar and sixty cents per 100 pounds. He was to sell the cheese, and if it was necessary to seek distant markets for the purpose, it was not contemplated that

he should go in person, since the duty of superintending the factory required him to be there; nor was he obligated to pay, at his own expense, the brokers necessarily employed to make such sales. He was clothed with full authority to use all the usual and appropriate means to accomplish the end, in the absence of express restriction. (*Nelson* v. *Hudson River R. R. Co.*, 48 N. Y., 505; 1 Pars. on Cont., 72, 73; Story on Agency, §§ 73, 102, 103, 201.)

The appellants' counsel contends that the respondent should be charged for certain sour cheese manufactured by him, but there is no evidence, and the referee has not found that the defendant was at fault in regard to it. True, he agreed to make a good article, but all that was required of him was to do the best he could with the materials furnished him, and if the cheese was sour without his fault, he was not liable.

It is claimed on the part of the appellants that the referee has fallen into some errors in respect to certain items of the account, but we have not been able to find any satisfactory evidence that such is the case.

The judgment should be affirmed.

MULLIN, P. J., and TALCOTT, J., concurred.

Judgment affirmed.